U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 06 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Gabriles

versus

Chevron USA., Inc., et al

Civil Action No. 2:14-00669

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is Plaintiff [James Gabriles'] Motion To Remand [Rec. Doc. 45], the Oppositions of defendants Phillips 66 Company ("Phillips") and ExxonMobil Oil Corporation ("ExxonMobil") [Rec. Doc. 54]; Shell Oil Company and Shell Chemical LP ("Shell") [Rec. Doc. 55]; PPG Industries, Inc. ("PPG") [Rec. Doc. 56]; Union Carbide Corporation ("Union Carbide") [Rec. Doc. 57]; Chevron USA and Chevron Chemical Company LLC ("Chevron"), Gulf Oil Corporation ("Gulf") and Huntsman Petrochemical LLC ("Huntsman") [Rec. Doc. 58]; and plaintiff's Reply to Phillips and ExxonMobil Opposition [Rec. Doc. 61] and to Union Carbide, Chevron, Gulf and Huntsman's Oppositions [Rec. Doc. 68]. For the reasons that follow, plaintiff's motion will be granted.

*I. Background*

Plaintiff, James Gabriles, a Texas resident, filed this action in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against twenty-one defendants, including nine Jones Act employers, three of which were Louisiana companies, and twelve oil companies, none of which were domiciled in Louisiana. Plaintiff's petition alleges that his Lymphoma was caused by exposure to benzene and benzene containing products in the course of his

employment as a seaman between 1961 and 2003. *R.1-1, Petition,* ¶¶ *3-9.* Plaintiff asserts claims under the Jones Act, 46 U.S.C. § 30104, and general maritime law pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333. *Id.* On March 27, 2014, Phillips and ExxonMobil filed a Notice of Removal in this court. *R. 1.*

## II. Applicable Law

Under 28 U.S.C. § 1441(a), any civil action over which the federal district court has original jurisdiction is removable, unless otherwise specified by an Act of Congress. The removing party has the burden of establishing the existence of federal jurisdiction. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The removal statute is "to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir.2007).

## III. Analysis

Plaintiff moves to remand this action to state court, asserting that his Jones Act claim is nonremovable and that his general maritime case, filed pursuant to the saving to suitors clause, is not removable under either diversity or federal question jurisdiction. *R. 45.* Defendants argue that plaintiff's admiralty claims are properly removed pursuant to 28 U.S.C. § 1441(b), as amended, effective 2012. Defendants cite several district court cases which, relying on amended § 1441(b), hold that removal of the general maritime law claim is proper but any Jones Act claim must be severed and remanded. Defendants Union Carbide, Chevron, Gulf and Huntsman further argue that plaintiff's Jones Act claim against

2

them are improperly and/or fraudulently pled.

A. *Jones Act Claims against Chevron, Gulf and Huntsman*

A properly pleaded Jones Act claim is not removable unless the defendant can successfully establish fraudulent joinder. *See Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir.1995). The Court may only deny a motion to remand on the basis that a Jones Act claim is fraudulently pleaded where the Court "determines, after resolving all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor, that there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356–57 (5th Cir.1999). Defendants bear the "heavy burden" of showing a Jones Act claim is fraudulently pleaded. *Zertuche v. Great Lakes Dredge & Dock Co., LLC*, 306 F. App'x 93, 97 (5th Cir.2009).

Defendants, Union Carbide, Chevron, Gulf, and Huntsman argue that plaintiff offers no specifics other than the bare bones allegations in the petition that any of these defendants was plaintiff's employer. *R. 57. 58.* Conceding they have the burden to initially show that plaintiff's seaman's status is unfounded, these defendants state that they have located no employment records showing that plaintiff was employed by them. *Id.; R. 57-1; 58-1, -2.* They reason that if plaintiff is unable to even show an employment relationship existed, "he will certainly be unable to show that 'a substantial part' of his work was on a [] vessel or fleet of vessels." *Id.*

In response to defendants' representations, plaintiff provides affidavits and U.S. Coast

3

Guard records which demonstrate that he was employed as a seaman for Gulf, Texaco, Inc. and Union Carbide. *R. 68; 68-1, Exhs. A,B,C.* It is undisputed that Chevron is the successor in interest to Gulf. While defendants state that Chevron and Huntsman are incorrectly listed as successors to Texaco, Inc., it is public knowledge that Texaco, Inc. registered the sale of Texaco Chemical Company to Huntsman in the April 21, 1994 Report of the SEC, *see* www.sec.gov/Archives/edgar/data/97349/0000097349-94-000010.txt, and information on the Texaco website includes its relationship with Chevron Corporation after their merger in 2002, www.Texaco.com/chevron-corporation.aspx. The arguments presented by Union Carbide, Chevron, Gulf and Huntsman are an unpersuasive attempt to shift the burden in this "summary judgment-like" procedure to plaintiff. *See Fields*, 182 F.3d at 356. As these defendants have failed to met their heavy burden of demonstrating that plaintiff has no reasonable possibility of establishing a Jones Act claim against them, plaintiff's Jones Act claims against them are not removable.

B. *Admiralty Jurisdiction*

Pursuant to 28 U.S.C. § 1333, federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." It is undisputed that prior to 2012, maritime claims were not removable on the basis of admiralty jurisdiction and could be removed only if the case includes a jurisdictional basis independent of the court's admiralty and maritime jurisdiction, i.e., diversity of citizenship. *In re Dutile*, 935 F.2d 61, 62–63 (5th Cir.1991).

4

The Fifth Circuit's holding in *Dutile* was grounded in the text of 28 U.S.C. § 1441(b) as it read prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011:

> (b)Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006). Because maritime claims are not "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the *Dutile* court reasoned that such claims were subject to the in-state-defendant bar to removal found in section 1441(b), as it was worded at the time. Thus, admiralty and maritime claims could be removed to federal court "only by non-forum defendants and only where there [wa]s complete diversity of citizenship." *Dutile*, at 63.

After the 2011 amendment, section 1441(b) now reads:

> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (2012). The 2011 amendment to § 1441 disposed of certain language from the former version of § 1441(b) on which the *Dutile* court relied to limit the removal of maritime claims. On this basis, the removing defendants argue that the amendment renders the *Dutile* rule obsolete and cite district courts in this Circuit which have agreed with this rationale. *See Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D.Tex.2013); *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322 (S.D.Tex. June 18, 2013); *Bridges v. Phillips*

*66 Co.*, 2013 WL 6092803 (M.D.La. Nov.19, 2013); *Carrigan v. M/V AMC AMBASSADOR*, 2014 WL 358353 (S.D.Tex. Jan.31, 2014).

Following the amendment, subsequent district court opinions have raised serious questions as to whether other bars might exist to the removability of claims on the basis of admiralty jurisdiction, independent of the changes made to the in-state-defendant provision in section 1441(b). *See Rogers v. BBC Chartering America, LLC* 2014 WL 819400, 1 (S.D.Tex. 3/3/2014) (concluding that the alteration of § 1441 had no effect on the removability of maritime claims); *Freeman v. Phillips 66 Co.*, 2014 WL 1379786, 4 (E.D.La. 4/8/2014) (holding that general maritime claims are not removable under 1441(c) because they are not federal question claims under § 1333); *Rawls* (following *Freeman*); *Barry v. Shell Oil Co.*, 2014 WL 775662 (E.D.La.2/25/2014) (holding that the "saving to suitors" clause barred removal where the plaintiff had requested a jury trial, a remedy not available where admiralty is the sole basis of jurisdiction); *Coronel v. AK Victory*, 2014 WL 820270 (W.D.Wash.2/28/2014) (holding that 28 U.S.C. § 1333 does not confer original federal subject matter jurisdiction over maritime claims brought at law and that defendants may not convert a plaintiff's suit at law to one in admiralty in order to obtain a federal forum). While the Fifth Circuit has not directly addressed this conflict, in *Barker v. Hercules Offshore, et al.*, 713 F.3d 208 (5th Cir.2013), the court discussed the new version of section 1441, deeming it a "clarification" of the prior rule. *Id.* at 221–22. In doing so, the court noted, relying on *Dutile*, that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 **may**

6

require complete diversity prior to removal"—thus implying that even under the new rule removable admiralty cases require complete diversity. *Id.* (emphasis added); *see also id.* at 229 (Higginbotham, J., dissenting) ("[F]ederal courts do not have removal jurisdiction over maritime cases which are brought in state court.").

The Court disagrees that the 2011 amendment altered the long-held understanding that admiralty claims brought at law in state court pursuant to the saving to suitors clause are not removable in the absence of an independent jurisdictional basis.[1] Rather, the Court agrees with the reasoning of *Perrier v. Shell Oil Co.* 2014 WL 2155258 (E.D.La. 5/22/ 2014) (J. Zainey). In *Perrier*, the court found that *"Dutile* is not the source of the diversity requirement for removing maritime cases, at least not those validly brought at law pursuant to the saving to suitors clause"—as in this case. *Id. at *2-3*. The court explained that because *Dutile* involved an *in rem* claim against a vessel, which is a claim within the federal courts' exclusive admiralty jurisdiction, the specific holding of *Dutile* "is that a case that falls within the exclusive admiralty jurisdiction of a federal court cannot be removed to federal court if the forum defendant rule would be violated." *Id.* That decision did in fact hinge on the old language of § 1441(b) and "the evisceration of that holding ... does nothing to alter the pre-*Dutile* law regarding the diversity requirement for the removal of maritime cases that

---

[1] "[A]dmiralty and general maritime claims fall within the category of '[a]ny other [civil] action' governed by the second sentence of § 1441(b). As such, they are 'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.'" *Dutile* citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction").

are validly brought in state court pursuant to the saving to suitors clause." *Id.* (emphasis added).

Even assuming *arguendo* that the *Dutile* rule does apply in this case, the Court finds that plaintiff's general maritime claims are not removable under the reasoning of *Freeman v. Phillips 66 Co.,* 2014 WL 1379786, 4 (E.D.La. 4/8/2014) (J. Engelhardt), *supra*. As the *Freeman* court stated,

> Although section 1441(c) has been modified substantially, it still applies only where the nonremovable claim is joined with a claim "arising under the Constitution, laws, or treaties of the United States" or, in the terms of the earlier text, a claim "within the jurisdiction conferred by section 1331." 28 U.S.C. § 1441(c) (2013); 28 U.S.C. § 1441(c) (2006). In other words, both versions of section 1441(c) apply only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331. "Emphatically, claims in admiralty, whether designated in rem or in personam, do not fall within this category." *Dutile*, 935 F.2d at 63 (citing *Romero*, 358 U.S. at 378). Because admiralty jurisdiction provides the only basis for removal in this case, section 1441(c) does not apply.

*Id.* at 5.

Accordingly, upon considering the entire record before the Court as well as the foregoing jurisprudence,

**IT IS ORDERED** that plaintiff, James Gabriles', Motion To Remand [Rec. Doc. 45] is **GRANTED**.

Thus done and signed this 5th day of June, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge